UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| YANSI MEJIA GUERRA,<br><br>    Plaintiff,<br><br>    v.<br><br>BROTHERS BUILDERS, LLC et al.,<br><br>    Defendants. | Case No. 23-cv-01291 (APM) |

## MEMORANDUM OPINION

### I.

Plaintiff Yansi Mejia Guerra worked for Defendant Brothers Builders, LLC ("BB") from about November 2021 through March 2022, performing laborer and mechanic duties on construction projects in Maryland, Virginia, and the District of Columbia. During that time, Plaintiff was subjected to pervasive and severe sexual harassment by Defendant Ricardo Martinez Rivera, BB's primary owner. Additionally, BB paid Plaintiff neither minimum wage nor overtime wages, even though she worked on average 50 hours per week, and it also paid her less than her male colleagues doing comparable work. Plaintiff brought suit against BB and Rivera, alleging a host of claims under (1) Title VII of the Civil Rights Act of 1964, (2) the D.C. Human Rights Act ("DCHRA"), (3) the Equal Pay Act ("EPA"), (4) the D.C. Minimum Wage Act Revision Act, and (5) the D.C. Wage Payment and Collection Law ("DCWPCL").

Despite proper service and initially responding to the complaint, both Defendants eventually abandoned defending the action. Plaintiff then secured defaults from the Clerk of Court. Plaintiff now seeks entry of a default judgment in the amount of $845,095. *See* Pl.'s Mot. for

Default J., ECF No. 27 [hereinafter Pl.'s Mot.].  She also asks for an award of attorney's fees and costs totaling $44,058.10.  For the reasons explained below, Plaintiff's motion is granted.

## II.

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for a plaintiff seeking default judgment.  First, the plaintiff must ask the Clerk of Court to enter default against a party who has "failed to plead or otherwise defend" itself against the action.  Fed. R. Civ. P. 55(a).  Second, the plaintiff must move for entry of default judgment.  *Id.* 55(b).  Although there are "strong policies favoring the resolution of genuine disputes on their merits," default judgments are appropriate "when the adversary process has been halted because of an essentially unresponsive party."  *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980) (citation omitted).

"A defaulting defendant is deemed to admit every well-pleaded allegation in the complaint."  *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001).  Although the default establishes a defendant's liability, "unless the amount of damages is certain," the court is required to "make an independent determination of the sum to be awarded."  *Boland v. Yoccabel Constr. Co.*, 293 F.R.D. 13, 17 (D.D.C. 2013) (quoting *Adkins*, 180 F. Supp. 2d at 17).  To determine the appropriate amount of damages, the court "may hold a hearing or rely on detailed affidavits or documentary evidence."  *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 68 (D.D.C. 2011).  A plaintiff "must prove these damages to a reasonable certainty."  *Id.*

## III.

Because the court treats as admitted the facts set forth in Plaintiff's Declaration, ECF No. 27-1, Plaintiff has established liability for each claim on which she seeks entry of default.  Those include violations of: (1) the DCHRA for a hostile work environment based on her sex, quid pro quo sexual discrimination, and retaliation based on a protected activity; (2) the EPA for

paying Plaintiff less than her male counterparts for substantially equivalent work, and (3) the DCWPCL for failing to pay Plaintiff minimum wage and overtime wages. The court therefore turns to assess whether Plaintiff has proven damages to a "reasonable certainty."

### A.

Plaintiff seeks compensatory, economic, and punitive damages for violations of the DCHRA. Pl.'s Mot. at 11–25. She requests $400,000 in compensatory damages for pain and suffering; $17,215 in economic damages for lost wages; and $400,000 in punitive damages. The record facts support each award component requested.

Plaintiff has established that she was subjected to pervasive and severe sexual harassment during her short employment with BB. Among other things, Rivera on multiple occasions told Plaintiff that he had sexual fantasies about her or made other inappropriate sexual remarks, *see* Pl.'s Mot., Decl. of Yansi Mejia Guerra, ECF No. 27-1 [hereinafter Guerra Decl.], ¶¶ 22, 25–27; regularly propositioned her for sex, *id.* ¶¶ 30, 33, 42, 49; said he would give her a raise if she had sex with him, *id.* ¶ 43; pressed his body against hers and grabbed her buttocks and breasts, *id.* ¶ 46; and blocked her from leaving a bathroom as he exposed his penis and asked her to touch it, *id.* ¶¶ 52–53. Rivera then retaliated against her for refusing his advances by adding duties to her customary workload. *Id.* ¶ 55. After she reported the ongoing harassment to co-workers, he again engaged in retaliation by initially denying her medical leave and then refusing to reinstate her regular daytime schedule and offering her only nighttime hours after she returned to work from said leave, resulting in her constructive discharge. *Id.* ¶¶ 60–67. The court finds that the requested compensatory award of $400,000 is appropriate given the pervasive and severe acts of sexual harassment that Plaintiff suffered, as well as the acts of retaliation. *See* Pl.'s Mot. at 20–21 (citing

3

cases in which plaintiffs were awarded non-pecuniary compensatory damages between $300,000 and $800,000 for enduring comparable sexual harassment).

Plaintiff also has established economic damages arising from her constructive discharge. Plaintiff was unemployed for a period of 20 weeks, causing lost earnings. Guerra Decl. ¶ 69. Those lost earnings total $17,215, as calculated below.

| Total Weeks | Weekly Lost Work Hours | Weekly Lost Non-Overtime Work Hours | Weekly Lost Overtime Work Hours | Rate Required for Non-Overtime Hours Worked | Rate Required for Overtime Hours Worked | Weekly Non-Overtime Wages Owed | Weekly Overtime Wages Owed | Weekly Wages Owed | Wages Owed for Week Period |
|---|---|---|---|---|---|---|---|---|---|
| 10 | 50 | 40 | 10 | $15.20 | $22.80 | $608.00 | $228.00 | $836.00 | $8,360.00 |
| 10 | 50 | 40 | 10 | $16.10 | $24.15 | $644.00 | $241.50 | $885.50 | $8,855.00 |
|  |  |  |  |  |  |  |  | TOTAL ECONOMIC DAMAGES | $17,215.00 |

Finally, Plaintiff is entitled to punitive damages for violations of the DCHRA, as Defendants' conduct was malicious, wanton, reckless, or in willful disregard of Plaintiff's rights. *See Arthur Young & Co. v. Sutherland*, 631 A.2d 254, 371 (D.C. 1993); *Fred A. Smith Mgmt. Co. v. Cerpe*, 957 A.2d 907, 914–15 (D.C. 2008). A punitive damages award of $400,000 is appropriate. *Pietrangelo v. Refresh Club, Inc.*, No. 18-cv-1943, 2024 WL 3400258, at *12 (D.D.C. July 12, 2024) (agreeing that, for punitive damages arising out of DCHRA violations, a "multiplier of two is reasonable"), *aff'd*, No. 24-7126, 2025 WL 1953500 (D.C. Cir. July 16, 2025).

### B.

Plaintiff has established a violation of the EPA, including Rivera's individual liability for that violation. Guerra Decl. ¶¶ 38–40; Pl.'s Mot. at 26 (setting forth basis for Rivera's individual

liability). She has established a backpay amount of $4,500, as calculated below, plus an additional equal amount of $4,500 in statutory liquidated damages, 29 U.S.C. § 216(b).

| Total Weeks | Weekly Work Hours | Rate Paid Per Hour to Plaintiff | Rate Paid Per Hour to Male Mechanics | Back Wage Owed Per Hour Worked | Back Wages Owed Per Week | Total EPA Back Wages Owed |
|---|---|---|---|---|---|---|
| 9 | 50 | $15.00 | $25.00 | $10.00 | $500.00 | $4,500.00 |

## C.

Finally, Plaintiff has established an underpayment of minimum and overtime wages in the amount of $4,720, as calculated below. Guerra Decl. ¶¶ 12–21; Pl.'s Mot. at 27–30. Trebled liquidated damages and statutory penalties add an additional $14,160 to that sum. D.C. Code § 32-1308(a)(1)(A).

| Total Weeks | Weekly Work Hours | Weekly Non-Overtime Work Hours | Weekly Overtime Work Hours | Rate Paid for Non-Overtime Hours Worked | Rate Paid for Overtime Hours Worked | Rate Required for Non-Overtime Hours Worked | Rate Required for Overtime Hours Worked | Weekly Non-Overtime Wages Owed | Weekly Overtime Wages Owed | Weekly Wages Owed | Total Wages Owed |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 20 | 50 | 40 | 10 | $15.00 | $0.00 | $15.20 | $22.80 | $8.00 | $228.00 | $236.00 | $4,720.00 |

## D.

Finally, Plaintiff seeks attorney's fees and costs. *See* Pl.'s Mot. at 30–31. The court has reviewed the declaration of Plaintiff's counsel and the hours billed in this matter. *See* Pl.'s Mot., Decl. of Gregg C. Greenberg in Support of an Award of Attorney's Fees and Costs, ECF No. 27-2. The court finds the time expended and counsel's hourly rate to be reasonable. Accordingly, the court will award $44,058.10 in attorney's fees and costs.

## IV.

For the foregoing reasons, Plaintiff's Motion for Default Judgment, ECF No. 27, is granted. The court awards Plaintiff $845,095 in compensatory and punitive damages, plus $44,058.10 in attorney's fees and costs. A separate, final appealable order accompanies this Memorandum Opinion.

Dated: September 23, 2025

Amit P. Mehta
United States District Judge